**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIAM HANCOCK, : | |
| : | Civil Action No. 09-2803 (JAP) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| KEVIN BYRNES, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

William Hancock, Pro Se
435 Poplar Ave
Galloway, NJ 08025

**PISANO**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the petition will be dismissed.

### BACKGROUND

Petitioner was convicted in New Jersey state court on October 18, 2006 for possession of a controlled dangerous substance. He was sentenced to an eight-year prison term, with 4 years of parole ineligibility. Petitioner, through counsel Kevin Byrnes, appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed. See State v. Hancock, 2008 WL 5101268 (N.J. App.

Div. Dec. 5, 2008).  The New Jersey Supreme Court denied certification of Petitioner's petition on March 23, 2009.  See State v. Hancock, 198 N.J. 474 (2009).

In this petition, Petitioner asserts that his trial and appellate counsel, Kevin G. Byrnes, committed legal malpractice and violated his Sixth Amendment rights in representing him through the criminal process.  Petitioner asserts that he is barred from further state court action due to Byrnes failure to properly perform his duties.  He also claims that during trial, the prosecutor told the jury that Petitioner was guilty because he did not testify.

Petitioner did not file a post-conviction relief ("PCR") motion in state court.  Nor did he raise his claims concerning ineffective assistance of counsel in his appeal in state court.  Petitioner did raise the prosecutorial claim regarding the prosecutor commenting on his failure to testify before the state courts on direct appeal.

## ANALYSIS

### A. Pro Se Pleading

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

2

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**B. Proper Respondent**

Petitioner has not named the proper respondent in his petition.  Petitioner names only Kevin Byrnes, Esq., as the respondent.  As noted, Mr. Byrnes was Petitioner's counsel at trial and on direct appeal.

According to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Therefore, the proper respondent would have been the warden or administrator of the facility in which Petitioner was detained at the time he filed his petition.  However, in this case, since Petitioner is now released, if Petitioner is on parole due to the state judgment he is attacking, the named

respondent should be the particular parole officer responsible for his supervision.  If Petitioner is not on parole, the proper respondent would be the Attorney General of New Jersey.  See Comments to Rule 2.  However, due to this Court's disposition of this matter, see Exhaustion analysis below, this issue is moot.

**C. Exhaustion**

    1.   Exhaustion Requirement

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[1]  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

---

   [1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring "state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be "substantial equivalent[s]" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

2.   Mixed Petitions

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a § 2254 petition which contains unexhausted federal claims. See Rhines, 544 U.S. at 276. The Rhines Court explained the rationale for a stay:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 275.

The Rhines Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially

6

meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278. See also Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009) (holding that stay and abeyance under Rhines standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).

In this case, Petitioner has presented a "mixed petition," in that his prosecutorial misconduct claim has been exhausted, but his ineffective assistance claims have not. As previously noted, under Rhines, this Court must determine whether "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

3. Analysis of Petitioner's Claims

The Supreme Court in Roe v. Flores-Ortega recognized that the Sixth Amendment standard for ineffective assistance of counsel, set forth in Strickland v. Washington, 466 U.S. 668 (1984), applies to a claim based on counsel's failure to file an appeal. See Flores-Ortega, 528 U.S. 470, 477 (2000). Under the traditional Strickland test, Petitioner must show both (1) constitutionally deficient performance (i.e., falling below an objective standard of reasonableness) by counsel and (2)

7

prejudice.  See Strickland, 466 U.S. at 688, 694.  Under the first prong of the Strickland test, the Flores-Ortega Court acknowledged that the decision regarding whether or not to file an appeal rests with the criminal defendant, and observed that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Flores-Ortega, 528 U.S. at 477, 479; see also United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007).  However, if the defendant did not specifically instruct his attorney to file an appeal, an attorney may still have a constitutional duty "to 'consult' with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes."  Poindexter, 492 F.3d at 268 (citing Flores-Ortega, 528 U.S. at 478).  Flores-Ortega held that, under Strickland, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Flores-Ortega, 528 U.S. at 478.

Turning to <u>Strickland</u>'s prejudice inquiry, the <u>Flores-Ortega</u> Court held that a presumption of prejudice arises when counsel's deficient performance denies a defendant the opportunity to appeal.  <u>See</u> <u>Flores-Ortega</u>, 528 U.S. at 483; <u>see</u> <u>also</u> <u>Poindexter</u>, 492 F.3d at 268; <u>Sandoval-Lopez</u>, 409 F.3d at 1195-99 (9th Cir. 2005) (explaining that the "prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal").  Prejudice is presumed where counsel disregards a defendant's specific request to file an appeal, but where the record demonstrates that the defendant did not specifically request an appeal and his attorney did not fulfill his constitutional duty of consultation, prejudice will only be presumed where "a defendant ... demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  <u>Flores-Ortega</u>, 528 U.S. at 484; <u>see</u> <u>also</u> <u>Shedrick</u>, 493 F.3d at 301; <u>Poindexter</u>, 492 F.3d at 268-69.  In evaluating such a claim of prejudice, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant," but "a defendant's inability to 'specify the points he would raise were his right to appeal reinstated,' will not foreclose the possibility that he can satisfy the prejudice requirement where

9

there are other substantial reasons to believe that he would have appealed." Flores-Ortega, 528 U.S. at 486 (citation omitted).

Here, Petitioner argues that he did not raise his ineffective assistance of counsel claims because he was "barred from any further appeal due to the actions [of Byrnes]." (Petition, ¶ 12(b), ¶ 12(c)).  As to the merits of the claim, Petitioner argues:

> Kevin G. Byrnes, Esq. Failed in his duties to his client by not filing any form of appeal or request for more time to appeal or recusing himself from the case in a timely manner with due diligence to his client's best interest and protection of his civil rights.

(Petition, ¶ 12(a)).  Petitioner does not claim that Byrnes was ineffective insofar as his trial was concerned.  His sole argument is that Byrnes did not file an appeal to the New Jersey Supreme Court.  Petitioner believes that the New Jersey Supreme Court barred any further appeal.

However, the record of this case reveals otherwise. Petitioner notes in his petition that his case was heard on direct appeal and denied.  Petitioner attaches to his petition the first page of Byrnes' request to the New Jersey Supreme Court to file his petition for certification nunc pro tunc.  It appears that the New Jersey Supreme Court granted that request to consider the petition, because the petition for certification was denied in March of 2009.  See State v. Hancock, 198 N.J. 474 (2009).

Therefore, Petitioner presents no issue that would implicate Strickland or Flores-Ortega, as he has not shown any prejudice by counsel's actions or inaction. Petitioner has not been denied the opportunity to appeal-- in fact, he has appealed. Thus, Petitioner's mixed petition does not present a meritorious unexhausted claim.

As such, this Court is not obliged under Rhines to stay the mixed petition, but rather must dismiss the petition as unexhausted.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

11

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, this Court finds that Petitioner's mixed petition should be dismissed, for failure to exhaust.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: February 10, 2011